JOHNSON REALTY TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40492.   Promulgated January 22, 1931.

*Harry E. MacLeod, Esq.*, for the petitioner.
*Bruce A. Low, Esq.*, for the respondent.

OPINION.

SMITH: The petitioner having conceded the correctness of the respondent's determination that it is taxable as a corporation in 1925 and 1926, the only remaining issue is whether the petitioner is entitled to report its income in those years upon the installment sales basis.

Section 212 of the Revenue Act of 1926 provides in part as follows:

(d) Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case (1) of a casual sale or other casual disposition of personal property for a price exceeding $1,000, or (2) of a sale or other disposition of real property, if in either case the initial payments do not exceed one-fourth of the purchase price, the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdi-

vision. As used in this subdivision the term "initial payments" means the payments received in cash or property other than evidences of indebtedness of the purchaser during the taxable period in which the sale or other disposition is made. [For retroactive application of this provision see section 1208.]

The above stated facts are the only material facts of record in this proceeding. While it appears that the petitioner in 1925 and 1926 made several sales of parcels of real property upon which it received initial payments of less than one-fourth of the total sales price, it will be noted particularly that the petitioner has failed to show the amount of the profit realized or to be realized upon any of the sales. We are therefore without any means whatever of computing the amount of the payments to be returned as income by the petitioner in the taxable years. We held in *H. A. Dunham*, 13 B. T. A. 582, that:

Where the petitioner fails to prove facts from which we can determine the true deficiency by the installment sales method, the respondent's determination of the deficiency by another method must stand, even though the facts establish the right of the petitioner to return income from installment sales by the installment sales method.

See also *Renier Music House, Inc.*, 15 B. T. A. 241.

The respondent further contends that the action of the petitioner in reporting its income for the taxable years 1925 and 1926 upon other than the installment plan, the returns for those years having been filed after the enactment of the 1926 Act, constituted an election binding upon the petitioner and that the petitioner may not now change to the installment sales method. Upon the facts in this proceeding, where the evidence does not show that the method of reporting income used by the petitioner does not correctly reflect its income, the contention of the respondent upon this point must be sustained. *Morgan Rundel*, 21 B. T. A. 1019; *Morrow, Becker & Ewing Co.*, 21 B. T. A. 1013; *Key Largo Shores Properties, Inc.*, 21 B. T. A. 1008.

Upon the facts in this case, the respondent's determination of deficiencies of $758.06 for 1925 and $477.73 for 1926 is approved.

*Judgment will be entered for the respondent.*